```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```
───────────────────────────────

JUSTIN VOIGTSBERGER,

       Plaintiff,

                               Civil No. 18-15016 (NLH/JS)

    v.

NJ OAL JUDGE JOSEPH ASCIONE,
WARDEN KAREN TAYLOR, FORMER       **OPINION**
NJ AG CHRISTOPHER PORRINO,
and PAMELA ULLMAN,

       Defendants.

───────────────────────────────

**APPEARANCES:**

JUSTIN VOIGTSBERGER
127 GREENWOOD RD
CHERRY HILL, NJ 08034

    *Appearing pro se.*

ANNE E. WALTERS
OFFICE OF COUNTY COUNSEL
COURTHOUSE, 14th FLOOR
520 MARKET STREET
CAMDEN, NJ 08102

    *Attorney for Defendant Warden Karen Taylor.*

MICHAEL RALPH SARNO
OFFICE OF THE ATTORNEY GENERAL FOR NEW JERSEY
TORT LITIGATION AND JUDICIARY SECTION
25 MARKET STREET, P.O. BOX 116
TRENTON, NJ 08625

    *Attorney for Defendants NJ OAL Judge Joseph Ascione, Former NJ AG Christopher Porrino, and Pamela Ullman.*

**HILLMAN**, District Judge

This case concerns 42 U.S.C. § 1983 claims against an administrative law judge, a warden, and a former state attorney general and a deputy state attorney general. Pending before the Court are Defendant Warden Karen Taylor's ("Warden Taylor") Motion to Dismiss and Defendants NJ OAL Judge Joseph Ascione ("Judge Ascione"), Former NJ AG Christopher Porrino ("AG Porrino"), and Pamela Ullman's ("DAG Ullman") Motion to Dismiss. For the reasons stated herein, this Court will grant all Defendants' Motions to Dismiss and dismiss this case in its entirety.

## BACKGROUND

The Court takes its facts from Plaintiff's Complaint and the public records[1] filed by Defendant Warden Taylor. This matter stems from Plaintiff's termination from the Camden County Correctional Facility ("CCCF"). It appears from the substantial record created at the administrative and state court level that

---

[1] On a motion to dismiss, it is proper for a Court to not only consider allegations within a complaint, but also to consider matters of public record. Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."). The exhibits attached to Warden Taylor's Motion to Dismiss are matters of public record because they are administrative hearing transcripts, the opinion of an administrative law judge, and the opinion of the New Jersey Superior Court, Appellate Division.

Plaintiff was hired as a Corrections Officer at CCCF on August 6, 2012.  His hiring was subject to a working test period, which began on November 18, 2012.  Plaintiff was terminated at the end of this test period on November 29, 2013.  Defendants assert his termination was because he received unsatisfactory performance evaluations for unsatisfactory work.  Plaintiff alleges it was in retaliation for a complaint he made against "SERGEANT DUDDY WHO WAS FRIENDS WITH DEPUTY WARDEN PIZZARO." (Pl.'s Compl. 4.)

His termination precipitated litigation.  Plaintiff appealed his termination to the Civil Service Commission (the "Commission") on November 29, 2013.  The Commission referred the matter to the Office of Administrative Law (the "OAL"), where Administrative Law Judge Joseph Ascione presided over Plaintiff's administrative hearing on December 15 and 17, 2014.  Plaintiff was represented by counsel at this hearing, Jeffrey S. Ziegelheim.  During that proceeding, Plaintiff claims "JUDGE ASCIONE VIOLATED [HIS] DUE PROCESS RIGHTS.  HE SAID THE CASE COULD PROCEED WITH[OUT] ME HAVING ANY OF MY EVIDENCE IN THE TRIAL . . . HE LATER WROTE A DECISION WITH OVER 63 ERRORS IN IT[,] SOME HARMFUL, REVERSIBLE, AND SOME PLAIN." (Pl.'s Compl. 3.)  Also during the administrative hearing, Plaintiff claims "KAREN TAYLOR COMMITTED PERJURY." (Pl.'s Compl. 3.)  At some point, Plaintiff claims he provided transcripts to AG Porrino, but he "FAILED TO DO HIS JOB." (Pl.'s Compl. 3.)

Judge Ascione upheld Plaintiff's termination in a May 4, 2015 opinion.  Thereafter, Plaintiff appealed the administrative ruling – pro se – to the New Jersey Superior Court, Appellate Division.  It appears AG Porrino and DAG Ullman appeared on behalf of the Commission.  On October 17, 2017, the Appellate Division affirmed Judge Ascione's decision upholding CCCF's termination of Plaintiff.  Thereafter, Plaintiff filed his complaint in this case on October 15, 2018.

Plaintiff brings individual and official capacity claims under 42 U.S.C. § 1983 against Judge Ascione and Warden Taylor, and only official capacity claims under 42 U.S.C. § 1983 against AG Porrino and DAG Ullman on the basis of the above allegations.  As for relief requested, Plaintiff states the following:

> I WOULD LIKE FOR THE COURT AND JUDGE TO READ MY BRIEF AND "ERRORS IN JUDGES DECISION" TRANSCRIPTS FOR PROOF REVERSE THE DECISION OF THE LOWER COURTS SO I AM REINSTATED.  I AM AWARDED BACKPAY AND ALL MY OTHER VACATIONS AND SICK DAYS I WOULD HAVE ACCRUED WHATEVER MONETARY AWARD THE COURT SEES FIT FOR THE BANKRUPTCY SHORT SALE [OF PLAINTIFF'S HOUSE] AND STRUGGLE TO PAY MY BILLS. . . .I HAVE SPENT NEARLY $15,000.00 ON THIS SO FAR 7500.00 ON THE ATTORNEY, TRANSCRIPTS, SENT ALL PAPERWORK CERTIFIED OR DROVE ITEMS TO JUSTICE COMPLEX, COPIES, INK, PRINTER, COMPUTER.  THIS DOESN'T INCLUDE THE HUNDREDS OF HOURS GATHERING ALL INFORMATION WRITING EVERYTHING OUT.  THIS FORGERY AND PERJURY HAS TURNED MY LIFE UPSIDE DOWN THIS COULD BE AS BAD AS AN INJURY BECOMING PERMANENTLY DISFIGURED.

(Pl.'s Compl. 5.)

In lieu of answering, Defendant Warden Taylor filed a Motion to Dismiss on November 28, 2018 and the remaining

Defendants (Judge Ascione, AG Porrino, and DAG Ullman) filed their Motion to Dismiss on December 10, 2018. Plaintiff has opposed these motions through a series of letters filed with the Court. Thus, Defendants' Motions to Dismiss are fully briefed and ripe for adjudication.

## ANALYSIS

### A. Subject Matter Jurisdiction

This Court possesses subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

### B. Motion to Dismiss Standard

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (alterations in original) (citations omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009)). A court may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416

U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

**C. Defendants' Motions to Dismiss**

Defendants offer a number of reasons why this action must be dismissed. All Defendants argue Plaintiff's § 1983 claims are barred by the application of the Rooker-Feldman abstention doctrine. The Rooker-Feldman doctrine "strips federal courts of jurisdiction over controversies 'that are essentially appeals from state-court judgments.'" Williams v. BASF Catalysts LLC, 765 F.3d 306, 315 (3d Cir. 2014) (quoting Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165 (3d Cir. 2010)). In other words, the Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. (quoting Lance v. Dennis,

546 U.S. 459, 464 (2006)).

Four elements must be met: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court [judgment]; (3) [that judgment was] rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state [judgment]." Great W. Mining, 615 F.3d at 166. The Court will address each element in turn.

The first element is met. Plaintiff lost in state court. Plaintiff's termination was upheld by Judge Ascione and Judge Ascione's decision was affirmed by the Appellate Division. The second element is also met. Plaintiff complains that the underlying judgments upholding his termination caused the alleged due process violations – and allowed Warden Taylor to allegedly commit perjury, which supported the judgment against Plaintiff - as well as the damages which occurred because he was not reinstated. The third element is met, as both the administrative decision and that of the Appellate Division were rendered prior to the filing of this suit in October 2018.

Finally, the fourth element is met. Most obviously, granting Plaintiff's requested relief of "REVERS[ING] THE DECISION OF THE LOWER COURTS" directly invites this Court to review and reject the underlying judgments upholding his termination. Moreover, allowing Plaintiff's § 1983 claims to

proceed here would indirectly invite rejection of the underlying judgment. Finding that Judge Ascione not admitting evidence was a violation of Plaintiff's Due Process rights would attack the basis of that judgment as it would require the admission of evidence that was not considered and could be adverse to the judgment. Determining that Warden Taylor committed perjury would similarly attack the basis of the judgment as it would require exclusion of evidence supportive of the judgment. To the extent applicable, determining that AG Porrino and DAG Ullman[2] should have prosecuted Warden Taylor for perjury would

---

[2] The claim against AG Porrino and DAG Ullman also suffers from a more fundamental defect. No individual has the right to have a prosecutor bring charges against another. Prosecutors possess prosecutorial discretion. State v. Le Vien, 209 A.2d 97, 99 (N.J. 1965) ("[W]e find no authority which would permit one who commits a crime to insist on the State's instituting criminal proceedings. It is the prosecutor who in the first instance has the discretion in such circumstances."); United States v. Eisenberg, 773 F. Supp. 662, 717 (D.N.J. 1991) ("'Prosecutors have traditionally enjoyed discretion in deciding which of multiple charges against a defendant are to be prosecuted or whether they are all to be prosecuted at the same time.'" (quoting United States v. Pungitore, 910 F.2d 1084, 1112 (3d Cir. 1990))).

    Regardless, the Court cannot mandate – as it appears Plaintiff requests – that a prosecution be brought. Williams v. Soumilas, No. 17-2433 (JBS/AMD), 2018 U.S. Dist. LEXIS 122378, at * (D.N.J. July 23, 2018) ("This Court lacks the authority to initiate criminal proceedings as that power is reserved for the executive branches of government. Further, decisions of a prosecutor whether to investigate or charge criminal conduct are within prosecutorial discretion and cannot be mandated by a court under its mandamus jurisdiction. Thus, the complaint is dismissed with prejudice to the extent it asks the Court to initiate criminal proceedings."). Nor may Plaintiff receive compensatory relief for harms that may have resulted from the

attack the basis of the judgment because it would require this Court to find that Warden Taylor committed perjury.

Thus, Defendants have demonstrated that the Rooker-Feldman abstention doctrine is applicable. Accordingly, this Court must dismiss this action in its entirety as it lacks jurisdiction to hear the claims stated therein. All other arguments asserted by the parties will not be considered, as they are moot in light of the Court's decision. The Court has reviewed the filings provided by all parties. It is unfortunate that Plaintiff was terminated and that the loss of his position at CCCF may have led to the harms he states in his complaint and various filings before the Court. But, the Court must obey the law, and the law requires it to dismiss this action.

## CONCLUSION

For the foregoing reasons, this Court will grant Defendants' Motions to Dismiss and dismiss this action in its entirety.

An appropriate Order will be entered.

Date: June 27, 2019       s/ Noel L. Hillman
At Camden, New Jersey     NOEL L. HILLMAN, U.S.D.J.

---

decision not to prosecute. See Fuchs v. Mercer Cty., 260 F. App'x 472, 475 (3d Cir. 2008) (holding that prosecutors are entitled to absolute prosecutorial immunity for decision on whether to initiate a prosecution).